IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION |
| | : | No. 15-228-1 |
| DAVORIS CARTER | : | |
| | : | |

McHUGH, J.                                                                                               February 8, 2021

## MEMORANDUM

This is a motion for compassionate release under 18 U.S.C. § 3582. Petitioner Davoris Carter pleaded guilty to Hobbs Act robbery and carrying a firearm during a crime of violence. With an offense level of 17 and a criminal history category of III, coupled with an 84-month mandatory minimum, he faced a guideline range of 114 to 121 months.

The Government argued for a sentence at the upper end of that range, but I granted a downward variance, sentencing Mr. Carter to a total of 96 months. He has served approximately 70 months, and now seeks early release because of the COVID pandemic and conditions at FCI-Allenwood, where he is serving his sentence.

Having reviewed the record, the motion will be denied.

The statute requires "extraordinary and compelling reasons" in order to grant release. §3582 (c)(1)(A) (i). Defendant fails to meet that standard. Mr. Carter advances three conditions

1

that he contends place him at risk of COVID – obesity, asthma, and blindness in his left eye. In fact, as discussed below, he contracted COIVD without serious consequences.

As to obesity, Mr. Carter, is overweight but not clinically obese, and his Body Mass Index of 29.8 is at most a potential risk factor for severe illness from COIVD.[1]  As to asthma, his medical records reflect a mild case treated periodically with inhalers. Based on the available scientific evidence, according to the CDC, the most that can be said is that even moderate to severe asthma "might" pose an increased risk. [2] With respect to his limitation of vision, it is a condition he has needed to cope with since childhood, and visual impairment has not been identified as a COVID risk.   He is 30 years of age, independent in activities of daily living, and the overall condition of his health is good. Consequently, he falls well short of the controlling standard.

Unfortunately, Mr. Carter contracted COVID in late September of 2020 after this motion was filed. Fortunately, the medical records reflect virtually no symptoms and there is no evidence of lasting effects. The available scientific evidence suggests that there is a protective development of antibodies among recovered COVID patients, lowering future risk. According to the United States Department of Health and Human Services, "of the millions of patients who have recovered from COVID-19, which is caused by a coronavirus, only a handful have been confirmed as having gotten the disease again. Based on the reported recurrence rate from the early stages of ongoing research, the chances of becoming reinfected appear to be very small." https://combatcovid.hhs.gov/ive-had-covid-19 (last visited February 2, 2021). The National

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html

[2] https://www.cdc.gov/coronavirus/2021-ncov/need-extra-precautions/asthma.html

Cancer Institute reached a similar conclusion, advising that the COVID-19 antibody "protective effect is strong and comparable to the protection afforded by effective SARS-CoV-2 vaccines, although developing protection from vaccination is much safer than from natural infection. This finding suggests that people who have a positive antibody test result using widely available assays have substantial immunity to SARS-CoV-2 and are at lower risk for future infection." https://www.cancer.gov/news-events/cancer-currents-blog/2020/coronavirus-antibodies-protect-against-future-infection (last visited February 2, 2021) And British researchers at the University of Oxford found that those who previously had COVID-19 have a low risk of reinfection for at least six months. https://www.ox.ac.uk/news/2020-11-20-prior-covid-19-infection-offers-protection-re-infection-least-six-months (last visited February 2, 2021).

Mr. Carter's fears about the pandemic proved to be correct, and so a fear of reinfection would be understandable.  Nonetheless, the Court of Appeals had made clear that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia,* 954 F.3d 594, 597 (3d Cir. 2020).  Those efforts did not prevent an outbreak at Allenwood.  But the BOP's efforts continue nonetheless, and upon review of the relevant statistics positive cases have significantly declined and thankfully no infection at Allenwood has resulted in death.

An analysis of the factors set forth in 18 U.S.C. §3553(a) also weigh against release.  Mr. Carter committed a robbery where he pointed a shotgun at his victim. He has two prior offenses involving violent conduct, an assault at age 21 where he kicked the victim in the face and head, and a retail theft at age 23 where he shoved a store clerk to the ground.  Despite the seriousness

3

of his conduct and his prior violent act he benefited from a significant downward variation at the time of sentencing based on his hardships as a child. Given his reduced sentence, early release on the record as it stands would not sufficiently take into account the seriousness of his crimes, the need to promote respect for the law, the need to impose adequate punishment, and the need to deter Mr. Carter from future violent conduct.

    For these reasons, the motion will be denied.

                                                                               /s/ Gerald Austin McHugh
                                                                     United States District Judge